## In re Mercer County Registration Assessors

*L. R. Rickard,* for petitioners; *J. W. McWilliams,* for respondents.

McLAUGHRY, P. J., April 25, 1934.—We are asked to enter a declaratory judgment and decree relative to the rights and duties of the county commissioners pertaining to the payment of the assessors and registry assessors. The question for the court to determine is whether the assessors and registry assessors are

entitled to the legal per diem compensation for the day the books are returned to the county commissioners.

The Act of January 17, 1934, P. L. 236, sec. 1, amending the Acts of January 30, 1874, P. L. 31, and May 29, 1891, P. L. 134, provides that annually on the first Monday of May the registry assessor of the county is required to visit each and every dwelling house in the district and to "make a list in a book [called the original entry list], prepared for that purpose by the county commissioners, of all the qualified electors that he shall find, upon careful and diligent inquiry [of the voter or of some resident of the election district], to be bona fide residents of his district".

Section 3 further requires that the said registry assessors shall make a return to the county commissioners of the "Original Registry List" on the sixty-second day before the primaries, and also the sixty-second day before the election.

The law clearly states the duties of the registry assessors in that it requires that after they have finished making the list of the qualified electors they "make a return to the county commissioners": Act of January 17, 1934, P. L. 236, sec. 3. Their work is therefore not completed until they make this return, and they are entitled to be paid from the time they began their work until it is finished. There is no law that provides for the payment of an extra day in order to go to the county commissioners' office, and before any compensation can be paid by the county commissioners to the registry assessors for the return of the books to the county commissioners there must be a law enacted by the legislature authorizing such compensation. It is clear, however, that the registry assessors are entitled to compensation until they have made the return. The registry assessors are required not only to visit the dwelling houses in their respective districts and make a list, but, in addition to that, they must deliver the list to the county commissioners. The taking of the list to the county commissioners is "time actually spent in the work of the registration". If the assessors can return their books on the day in which the registration is completed, they should do so; but if it cannot be done on the day when registration is completed, they would continue in the performance of their duties the following day and be entitled to compensation for such services.

It is evident that the purpose of the county commissioners in raising this question is economy. Something has been said about the commissioners gathering these books to save the expense. We are of the opinion that this cannot be made a practice without the consent of the assessors. The law says they must make a return to the county commissioners, and this means the office of the county commissioners in the court house in the Borough of Mercer, a place where the county commissioners are known to transact the business of the county. If the assessors trusted the county commissioners to come to them and get the books, and the commissioners failed to fulfill their promise, the assessors would be liable for a penalty. They therefore are not required to trust others to perform certain duties required by law of them, and for the failure of these they are subject to penalties

Another question raised is as to whether the assessors are entitled to receive mileage at the rate of 3 cents per mile for each mile necessarily traveled in making said return. We think the legislature has taken care of this in the Act of April 23, 1909, P. L. 146, which act provides that whenever the duties of an assessor requires him to travel to the county seat "he shall receive from the county mileage at the rate of three cents a mile for each mile necessarily

both going and returning, in addition to the per diem compensation for services allowed by law." We are therefore of the opinion that it is so declared:

1. That the assessor must return the books containing the original registry list to the office of the county commissioners;

2. That the time spent in making the return is time actually spent in the work of registration, and the assessor is entitled to the compensation allowed by law.

3. In addition to the compensation for services, the assessor is entitled to receive from the county mileage at the rate of 3 cents per mile for each mile necessarily traveled.                    From W. G. Barker, Mercer, Pa.